**GOHN, HANKEY & STICHEL, LLP**

201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
410-752-9300
Fax 410-752-2519

*H. Mark Stichel*
Direct Dial: 410-752-1658
HMStichel@ghsllp.com

August 11, 2003

*FILED VIA ECF SYSTEM*

The Honorable J. Frederick Motz
District Judge, United States District Court
 for the District of Maryland
United States Courthouse, Room 510
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *Fidelity and Guaranty Life Insurance Company v. Virgil Chambers, et al.*, Civil Action No. JFM-02-CV-3159.

Dear Judge Motz:

      I represent United States Fidelity and Guaranty Company ("USF&G") in the above-referenced case. I am writing to provide you with a status report.

      The present case is an interpleader action that Fidelity and Guaranty Life Insurance Company ("F&G Life") has filed to ascertain the proper party to whom payments from a structured settlement annuity should be paid. Initially, F&G Life named Singer Asset Finance Company ("Singer"), USF&G and Mr. and Mrs. Chambers as interpleader defendants. Mr. and Mrs. Chambers have defaulted. Singer requested that USF&G agree to a consent judgment that would have provided that annuity payments be paid to Singer. However, USF&G believes that a child support order that was entered at the behest of the State of Tennessee Department of Human Service – Child Support Office ("Child Support Office") may take precedence over Singer's claim. On Friday, July 8, 2003, F&G Life filed a Consent Motion for Leave for File Amended Complaint; the Amended Complaint adds the Child Support Office as an interpleader defendant. Assuming that the Court grants F&G Life's Motion, the present case necessarily must be in suspense pending the responsive pleading of the Child Support Office.

      Mr. Kaufman, who represents Fidelity and Guaranty Life Insurance Company, the interpleader plaintiff and stakeholder, and Mr. McDonald, who represents Singer, have reviewed a draft of this letter and letter and authorize me to state that the letter should be deemed to be a joint status report on behalf of all parties that have appeared in the above-referenced case.

                                  Sincerely,

                                    /s/
                                  H. Mark Stichel

cc:    Paul McDonald, Esquire
        Price O. Gielen, Esquire
        Stephen H. Kaufman, Esquire