WordPerfect Document Compare Summary

Original document: G:\Clients\Fidelity & Guaranty (12753)\Chambers, Virgil (68)\Pleadings\Complaint for Interpleader (draft).wpd
Revised document: G:\Clients\Fidelity & Guaranty (12753)\Chambers, Virgil (68)\Pleadings\Amended Complaint for Interpleader (final).wpd
Deletions are shown with the following attributes and color:
~~Strikeout~~, Blue  RGB(0,0,255).
Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
Redline, (No color code).

The document was marked with 56 Deletions, 56 Insertions, 0 Moves.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FIDELITY AND GUARANTY** \*
**LIFE INSURANCE COMPANY,** \*
~~a Maryland Corporation~~ \*
~~100 East Pratt Street, Second Floor~~ \*
~~Baltimore, Maryland 21202~~ \*
\*
      PLAINTIFF, \*
\*
v.            \*    **CIVIL ACTION NO.: JFM 02 CV 3159**
\*
**VIRGIL A. CHAMBERS** \*
~~603 Cross Road~~ \*
~~Winfield, Tennessee 37892~~ \*
\*
~~and~~   \*   ~~CIVIL ACTION NO.:~~
\*
~~SINGER~~ ; **SINGER** \*
**ASSET FINANCE COMPANY** \*
~~LLC~~ \*
~~a Delaware Corporation~~ \*
~~Serve: CT Corp.~~ \*
~~      1209 Orange Street~~ \*
~~      Wilmington, Delaware 19801~~ \*
\*
~~and~~ \*
**, LLC;** \*
**UNITED STATES FIDELITY AND** \*
**GUARANTY** ~~CO.~~ \*
~~Serve: CSC-Lawyers Incorporating Service Co.~~ \*
~~      11 E. Chase Street~~ \*
~~      Baltimore, Maryland 21202~~ \*
**COMPANY; LISA M.** \*
**CHAMBERS** \*
\*
and   \*
\*
~~LISA M. CHAMBERS~~ \*
~~135 Pat Place Lane~~ \*
~~Jacksboro, Tennessee 37757~~ \*
\*

|  |  |
|---|---|
| **TENNESSEE DEPARTMENT OF** | * |
| **HUMAN SERVICE - CHILD SUPPORT** | * |
| **ENFORCEMENT OFFICE** | * |
| Gina Lodge, Commissioner | * |
| Serve:  Tennessee Attorney General | * |
| Paul G. Summers | * |
| Attorney General's Office | * |
| P. O. Box 20207 | * |
| Nashville, Tennessee  37202 | * |
|  | * |
| DEFENDANTS | _____* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*\*

## AMENDED COMPLAINT FOR INTERPLEADER

Fidelity and Guaranty Life Insurance Company (~~"F&G~~"F&G Life~~"~~")~~,~~ by its counsel, Stephen H. Kaufman, and Levin & Gann, P.A., brings this statutory interpleader action pursuant to 28 U.S.C. §§ 1335, 1397 and 2361 against Defendants Virgil ~~A.~~ Chambers (~~"Chambers"~~"Chambers"), Singer Asset Finance ~~Company~~Co., LLC (~~"Singer"~~"Singer"), United States Fidelity ~~and~~& Guaranty Company (~~"USF&G"~~"USF&G") ~~and~~, Lisa M. Chambers and Tennessee Department of Human Services - Child Support Enforcement Office ("Tennessee") as follows:

### PARTIES

1. F&G Life is a Maryland corporation with its principal place of business in Baltimore, Maryland.

2. Upon information and belief, Virgil ~~A.~~ Chambers ~~ is a citizen of Tennessee.

3. ~~Singer is a Delaware Corporation~~Upon information and belief, Singer Asset Finance Co., LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware.  As part of its business, Singer purchases annuity payments at a discount

3

from the payees of annuities.

4. USF&G is a Maryland corporation with its principal place of business in Baltimore, Maryland.

5. Upon information and belief, Lisa M. Chambers is a citizen of Tennessee.

6. Tennessee is a governmental agency of the State of Tennessee located in Huntsville, Tennessee which collects and disburses child support payments to custodial parents.

## JURISDICTION AND VENUE

~~6~~7. This is an action for interpleader pursuant to 28 U.S.C. § 1335.

~~7~~8. The adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00.

~~8~~9. Venue is proper in this District pursuant to 28 U.S.C. § 1397.

~~9~~10. Nationwide service of process in this action is authorized pursuant to 28 U.S.C. § 2361.

## FACTUAL BACKGROUND

1~~0~~1. Upon information and belief, Mr. Chambers was injured in an accident in or around 1985 involving Baird Tree Company, Inc. Upon information and belief, Mr. Chambers made a claim against Baird Tree Company, Inc. for personal injuries sustained as a result of the accident. Upon information and belief, the insurance carrier for Baird was Defendant USF&G.

1~~1~~2. Upon information and belief, in December, 1987, Mr. Chambers and USF&G entered into a settlement agreement resolving Mr. Chambers's claim (the "Agreement"). Pursuant to this Agreement, USF&G agreed to pay Mr. Chambers the following payments:

$20.00 per month for four years beginning December 28, 1988; and

4

$1,000.00 per month for life beginning on December 28, 1992 guaranteed for a minimum of 35 years.

A copy of the Agreement is attached hereto as Exhibit A.

12~~2~~3.  To fulfill its payment obligation pursuant to the Agreement, on or about December 7, 1987 USF&G purchased annuity policy I477370 from F&G Life (the "Annuity"). By its terms, the Annuity requires F&G Life to pay Mr. Chambers $20.00 per month for four years beginning on December 28, 1988 and $1,000.00 per month thereafter beginning on December 28, 1992.  Mr. Chambers is the Annuity's designated "payee".  USF&G is the owner of the Annuity with sole authority to change the "payee."  A copy of the Annuity is attached hereto as Exhibit B.

13~~3~~4.  Pursuant to the terms of the Agreement, Mr. Chambers's rights with regard to the Annuity were expressly restricted.  The Agreement provides, in pertinent part, that:

> "The proceeds pursuant to this Settlement Agreement are not subject to assignment by Virgil Allen Chambers or his legal guardian to any third party and may not be pledged as security for any loan and are not subject to attachment, levy, or execution in any manner whatsoever and in no event shall same become due and payable prior to the time specified herein."

14~~4~~5.  F&G made its first Annuity payment to Mr. Chambers on December 28, 1988.

15~~5~~6.  Notwithstanding his inability to sell or assign the Annuity, upon information and belief, Mr. Chambers agreed to sell, assign, or otherwise encumber all or a portion of the Annuity to Defendant Singer.

16~~6~~7.  By letter dated March 26, 1999, Mr. Chambers requested that his Annuity payments be direct deposited into his bank account.  See Exhibit C.  F&G Life honored the request.

17~~7~~8.  On May 26, 2000, the State of Tennessee Office of Child Support Enforcement

sent a copy of a Contempt Order against Mr. Chambers and Notice of Income Assignment to F&G Life demanding that $338.10 of each Annuity payment be forwarded directly to the Office of Child Support Receipting Unit to satisfy the Contempt Order. A copy of the State's May 26, 2000 letter, Notice of Income Assignment and the enclosed Contempt Order is attached hereto as Exhibit D. According to F&G Life's records, F&G Life began making the payments to Tennessee in July, 2000.

18̶9. Based upon similar situations involving Singer, upon information and belief, Mr. Chambers failed to make certain payments to Singer pursuant to their Annuity purchase agreement. On or about June 5, 2001, Singer obtained a judgment against Mr. Chambers in the Chancery Court of Scott County, Tennessee, Case No. 8627. By letter dated June 28, 2002, Singer requested that the Annuity payments be sent to Singer. A copy of this letter and the enclosed judgment is attached hereto as Exhibit E.

1̶9̶20. Mr. Chambers has claimed or may claim that he has a right to the monthly Annuity payments from F&G Life and/or a right to monthly payments from USF&G pursuant to the Settlement Agreement. That Singer sued Mr. Chambers indicates that Mr. Chambers has, in fact, made a claim to the Annuity payments for himself.

2̶0̶1. Singer, as the attempted purchaser or assignee of the Annuity and as Judgment Creditor has made a claim to those payments.

2̶1̶2. Ms. Chambers and/or her children have claimed or may claim that she and/or they have a right to the monthly Annuity payments from F&G Life pursuant to the Contempt Order.

23. Tennessee has claimed or may claim that it has a right to a portion of the monthly Annuity payments on behalf of Lisa M. Chambers and/or her children.

2~~2~~4.    The purported sale or assignment to Singer notwithstanding, USF&G is the owner of the Annuity and has the exclusive contractual right to direct to whom F&G Life shall make payments.  USF&G's direction to F&G Life is that it make payments to Mr. Chambers and Tennessee.

2~~3~~5.    F&G Life is in serious doubt and cannot safely determine its liability as between the Defendants.  F&G Life does not know to which of the Defendants, if any, it may safely pay the Annuity, since the demands that have been made or may be made by the Defendants are contradictory.  Without relief from this Court, F&G Life is at risk of multiple litigation and payment obligations.

2~~4~~6.    Unless the Defendants are restrained or enjoined from prosecuting suits against F&G Life or involving the Annuity payments, either directly or indirectly, and from any effort to collect from F&G Life any judgments rendered in such suits, F&G Life will be subjected to multiple, contradictory claims and/or inconsistent judgments, and will be prejudiced and subjected to numerous suits, the outcomes of which will not properly determine the manner in which the limited fund established by the Annuity should be distributed among the Defendants.  Injunctive relief is, therefore, appropriate pursuant to 28 U.S.C. § 2361.

2~~5~~7.    F&G Life makes no claim to the payments to be made pursuant to the Annuity other than for payment of ~~its~~their costs and reasonable attorney's fees incurred in connection with this action.

2~~6~~8.    F&G Life stands ready to pay~~-~~ into the Registry of the Court the remaining monthly payments pursuant to the Annuity.

————WHEREFORE, F&G Life requests the Court to:

7

  A. Order all Defendants to interplead and to settle among themselves their respective rights and claims to the Annuity payments without further involvement by F&G Life and direct the dDefendants to plead and pursue their claims;

  B. Enjoin and restrain each and all of the Defendants, their agents, attorneys or representatives from instituting or prosecuting further any proceeding in any state or United States court against F&G Life on account of the Annuity or payments due;

  C. Declare the Defendants' respective rights to the Annuity payments so that F&G Life may make future Annuity payments free from uncertainty and the threat of multiple payments;

  D. Direct F&G Life to tender amounts due and owing pursuant to the Annuity to the Clerk of Court and direct that during the pendency of this Action, F&G Life tender future Annuity payments to the Clerk of Court as they become due and owing;

  E. Directing the Clerk of Court to deposit the funds in the Registry of the Court to be invested in accordance with the practice of the Registry and to be held therein subject to further Orders of the Court;

  F. Fully and finally discharge F&G Life from all further liability by reason of its payment into the Registry of this Court of the due and owing proceeds of the Annuity and Annuity payments as they become due and owing during the pendency of this case and dismissing F&G Life from this case with prejudice;

  G. Award F&G Life its reasonable attorneys' fees and Court costs in connection with the filing and prosecution of this Complaint; and

  H. Grant such further relief as may, in its discretion, appear to be proper.

Respectfully submitted,

_____
Stephen H. Kaufman
Federal Bar No. 24314
Levin & Gann, P.A.
Nottingham Centre, 8th Floor
502 Washington Avenue, 8th Floor
Towson, MD Maryland 21204
(410) 321-0600
Attorneys for Fidelity and Guaranty
Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2003, a copy of the foregoing Amended Complaint for Interpleader was mailed first class, postage prepaid, to the following:

H. Mark Stichel, Esquire
Gohn, Hankey & Stichel, LLP
210 N. Charles Street, Suite 1540
Baltimore, MD  21202

Price O. Gielen, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD  21202

Paul McDonald, Esquire
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME  04104-5029

Virgil A. Chambers
150 Slaven Drive, Lot 26
Winfield, TN  37892

Lisa M. Chambers
135 Pat Place Lane
Jacksboro, TN  37757

Stuart Wilson-Patton, Esquire
Tennessee Attorney General's Office
P. O. Box 20207
Nashville, TN  37202
Resident Agent for Defendant State of Tennessee
Office of Child Support Enforcement

_____
Stephen H. Kaufman

10

G:\Clients\Fidelity & Guaranty (12753)\Chambers, Virgil (68)\Pleadings\Amended Complaint for Interpleader (blackline #5).wpd