IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FIDELITY AND GUARANTY** <br> **LIFE INSURANCE COMPANY,** | * | |
| | * | |
| PLAINTIFF, | | |
| | * | |
| v. | | Civil Action No. JFM-02-3159 |
| | * | |
| **VIRGIL A. CHAMBERS** <br> **SINGER ASSET FINANCE** <br>   **COMPANY LLC,** | * | |
| **UNITED STATES FIDELITY** <br>   **AND GUARANTY COMPANY, and** | * | |
| **LISA M. CHAMBERS,** | * | |
| DEFENDANTS. | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**USF&G'S ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIM**

United States Fidelity and Guaranty Company ("USF&G"), a defendant, answers the Amended Complaint for Interpleader filed by Fidelity and Guaranty Life Insurance Company ("F&G Life") as follows:

1. USF&G admits the allegations contained in Paragraph 1 of the Amended Complaint for Interpleader.

2. USF&G admits the allegations contained in Paragraph 2 of the Amended Complaint for Interpleader.

3. USF&G neither admits nor denies the allegations contained in Paragraph 3 of the Amended Complaint for Interpleader. However, USF&G, upon information and belief, believes that Singer is a Delaware Corporation with its principal place of business in Florida.

4. USF&G partially admits the allegations and partially denies the allegations contained in Paragraph 4 of the Amended Complaint for Interpleader. USF&G is a Maryland corporation with its principal place of business in St. Paul, Minnesota.

5. USF&G admits the allegations contained in Paragraph 5 of the Amended Complaint for Interpleader.

6. USF&G admits the allegations contained in Paragraph 6 of the Amended Complaint for Interpleader.

7. Paragraph 7 of the Amended Complaint for Interpleader is a legal conclusion that USF&G does not contest.

8. USF&G admits the allegations contained in Paragraph 8 of the Amended Complaint for Interpleader.

9. Paragraph 9 of the Amended Complaint for Interpleader is a legal conclusion that USF&G does not contest.

10. Paragraph 10 of the Amended Complaint for Interpleader is a legal conclusion that USF&G does not contest.

11. USF&G admits the allegations contained in the first and third sentences of Paragraph 11 of the Amended Complaint for Interpleader. USF&G denies the allegations contained in the second sentence of Paragraph 11 of the Complaint for Interpleader; Sandra Loveday, on her own behalf and on behalf her then-minor son, made the claim to which the second sentence refers.

12. USF&G admits, in part, and denies, in part, the allegations contained in Paragraph 12 of the Amended Complaint for Interpleader. Specifically, USF&G denies

that Mr. Chambers entered into the Settlement Agreement and that the $1,000.00 monthly payment to Mr. Chambers was guaranteed for a period of 35 years. Sandra Loveday, the mother of Mr. Chambers, entered into the Settlement Agreement on behalf of her then-minor son; the monthly payments were guaranteed for a period of 30, not 35, years.

       13.    USF&G admits, in part, and denies, in part, the allegations contained in Paragraph 13 of the Amended Complaint for Interpleader. Specifically, USF&G admits that it purchased an annuity policy ("Annuity") from F&G Life to fund its obligations pursuant to the Agreement. However, USF&G notes that only the Annuity application, not the Annuity itself is attached to the Complaint for Interpleader as Exhibit B. The application lists Sandra Loveday, not Mr. Chambers as the payee of the Annuity.

       14.    USF&G admits the allegations contained in Paragraph 14 of the Amended Complaint for Interpleader.

       15.    USF&G admits the allegations contained in Paragraph 15 of the Amended Complaint for Interpleader.

       16.    USF&G admits the allegations contained in Paragraph 16 of the Amended Complaint for Interpleader.

       17.    USF&G admits the allegations contained in Paragraph 17 of the Amended Complaint for Interpleader.

       18.    USF&G admits the allegations contained in Paragraph 18 of the Amended Complaint for Interpleader.

       19.    USF&G admits the allegations contained in Paragraph 19 of the Amended Complaint for Interpleader.

20.	USF&G admits the allegations contained in Paragraph 20 of the Amended Complaint for Interpleader.

21.	USF&G admits the allegations contained in Paragraph 21 of the Amended Complaint for Interpleader.

22.	USF&G admits the allegations contained in Paragraph 22 of the Amended Complaint for Interpleader.

23.	USF&G admits the allegations contained in Paragraph 23 of the Amended Complaint for Interpleader.

24.	USF&G admits the allegations contained in Paragraph 24 of the Amended Complaint for Interpleader.

25.	USF&G admits the allegations contained in Paragraph 25 of the Amended Complaint for Interpleader.

26	USF&G admits the allegations contained in Paragraph 26 of the Amended Complaint for Interpleader.

27.	USF&G admits the allegations contained in Paragraph 27 of the Amended Complaint for Interpleader.

28.	USF&G admits the allegations contained in Paragraph 28 of the Amended Complaint for Interpleader.

**CROSS-CLAIM**

United States Fidelity and Guaranty Company ("USF&G") brings the following Cross-Claim against co-defendants Virgil A. Chambers ("Mr. Chambers"), Singer Asset Finance Company LLC ("Singer"), Lisa M. Chambers ("Mrs. Chambers") and the

Tennessee Department of Human Services – Child Support Enforcement Office ("Tennessee") (collectively "Cross-Claim Defendants") and states:

### Parties

1. USF&G incorporates by reference the allegations regarding the citizenship of the parties contained in Paragraphs 1 to 6, inclusive, in the Amended Complaint for Interpleader, with the exceptions that USF&G alleges upon information and belief that Singer is a Delaware Corporation with its principal place of business in Florida and that USF&G is a Maryland corporation with its principal place of business in Minnesota.

### Jurisdiction and Venue

2. The Cross-Claim that USF&G is asserting is ancillary to this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1335.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1397.

### Factual Background

4. USF&G incorporates by reference Paragraphs 10 to 27, inclusive, of F&G Life's Complaint for Interpleader, with exceptions noted in its Answer to Paragraphs 11, 12 and 13.

### Count One

### (Declaratory Judgment – All Cross-Claim Defendants)

5. USF&G incorporates the allegations contained in Paragraphs 1-4 above as if they were recited herein.

6. An actual controversy exists between USF&G, on the one hand, and Cross-Claim Defendants, on the other hand, within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

7. Pursuant to a Settlement Agreement ("Settlement Agreement") dated December 10, 1987, USF&G agreed to make future, periodic payments to Mr. Chambers. USF&G purchased the Annuity that is the subject of the present case to fund its obligations.

8. At the time that USF&G entered into the Settlement Agreement, Mr. Chambers, who was born on December 28, 1974, was a minor. The Settlement Agreement was incorporated into and approved by an Order of Compromise and Dismissal and Judgment Approving Minor's Settlement entered by the Circuit Court for Campbell County, Tennessee.

9. Singer has made a claim to proceeds from the Annuity pursuant to an alleged agreement between Mr. Chambers and Singer.

10. Mrs. Chambers has made a claim to proceeds from the Annuity for child support.

11. Mr. Chambers, as a Tennessee resident, and his dependents may be entitled to the protections that Tennessee law provides to debtors. *See* Tennessee Code Annotated § 26-2-111; *see also In re Thompkins*, 263 B.R. 223 (Bankr. W.D. Tenn. 2001); *In re Chaney*, 151 B.R. 147 (Bankr. W.D. Tenn 1993).

12. Tennessee has obtained a child support order that directed F&G Life to pay $322.00 per month of the $1,000.00 per month Annuity to the State of Tennessee for child support due to Lisa Chambers

13. Absent a determination binding upon Mr. Chambers, Singer, Mrs. Chambers and Tennessee that would direct to whom payments are to be made by F&G

Life, USF&G is at risk that if Annuity payments are made to any one of the Cross-Claim Defendants, it may be liable to other Cross-Claim Defendants for the payments.

14. Accordingly, USF&G seeks a declaration pursuant to 28 U.S.C. § 2201(a) of the correct party to whom Annuity payments are to be paid by F&G Life.

## RELIEF REQUESTED

WHEREFORE, USF&G prays for the following relief:

1. A declaration of the correct party to whom Annuity payments are to be paid by F&G Life.

2. A declaration that USF&G shall have no liability to any Cross-Claim Defendant or any other party so long as F&G Life shall make Annuity payments to the party or parties designated by the Court's declaration.

3. Where appropriate and just, a judgment in the amount of USF&G's attorney's fees and costs.

4. Such other and further relief as may be appropriate.

/s/
H. MARK STICHEL
U.S.D.C – D. Md. Bar No. 02939
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201
(410) 752-1658
(410) 752-2519 (facsimile)

Attorney for United States Fidelity and Guaranty Company, a Defendant and Cross-Claim Plaintiff