IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIRGIL A. CHAMBERS; SINGER ASSET FINANCE COMPANY, LLC; UNITED STATES FIDELITY AND GUARANTY COMPANY; LISA M. CHAMBERS )<br>)<br>and )<br>)<br>TENNESSEE DEPARTMENT OF HUMAN SERVICES - CHILD SUPPORT ENFORCEMENT OFFICE, GINA LODGE, COMMISSIONER ) | CIVIL ACTION NUMBER:<br>JFM02 CV 3159 |

## ANSWER OF THE TENNESSEE DEPARTMENT OF HUMAN SERVICES CHILD SUPPORT ENFORCEMENT OFFICE

The Tennessee Attorney General, on behalf of the State Defendant, Tennessee Department of Human Services ("TDHS"), Gina Lodge, Commissioner, hereby answers the Plaintiffs' Amended Complaint for Interpleader as follows:

1. On information and belief, the allegations of paragraph 1 are admitted.

2. On information and belief, the allegations of paragraph 2 are admitted.

3. On information and belief, the allegations of paragraph 3 are admitted.

4. On information and belief, the allegations of paragraph 4 are admitted

5. On information and belief, the allegations of paragraph 5 are admitted

6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 constitute conclusions of law for which no response is required.

8. The allegations of paragraph 8 constitute conclusions of law for which no response is required.

9. The allegations of paragraph 9 constitute conclusions of law for which no response is required.

10. The allegations of paragraph 10 constitute conclusions of law for which no response is required.

11. On information and belief, the allegations of paragraph 11 are admitted.

12. On information and belief, the allegations of paragraph 12 are admitted.

13. On information and belief, the allegations of paragraph 13 are admitted.

14. The agreement referred to in paragraph 14 speaks for itself.

15. On information and belief, the allegations of paragraph 15 are admitted.

16. On information and belief, the allegations of paragraph 16 are admitted.

17. On information and belief, the allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are admitted.

19. This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 19; therefore, such statements are denied and strict proof thereof demanded.

20. This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 20; therefore, such statements are denied and strict proof thereof demanded.

21. This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 21; therefore, such statements are denied and strict proof thereof demanded

22. This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 22; therefore, such statements are denied and strict proof thereof demanded.

23. The allegations of paragraph 23 are admitted.

24. The allegations of paragraph 24 are admitted.

25 This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 25; therefore, such statements are denied and strict proof thereof demanded.

This Defendant lacks sufficient knowledge to admit or deny the statements made in paragraph 26; therefore, such statements are denied and strict proof thereof demanded.

On information and belief, the allegations of paragraph 27 are admitted.

28 On information and belief, the allegations of paragraph 28 are admitted

**WHEREFORE**, the State of Tennessee, Office of Child Support Enforcement requests the Court to:

A. Declare, the State of Tennessee, Office of Child Support Enforcement's right to receive the payment free from uncertainty.

B. Direct F&G Life to continue or to resume the payments in accordance with the Notice.

C. Alternatively, direct Singer to continue making payments pursuant to the Notice.

D. Grant such further relief as may be necessary.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General & Reporter

WARREN A. JASPER, Pro Hac Vice
Assistant Attorney General
General Civil Division
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-2902
BPR No. 016748

3

*[signature]*
JOSEPH B. SPILLMAN
Assistant Attorney General
Office of the Attorney General
311 W. Saratoga Street
Baltimore, MD 21201
Phone: (410) 767-7726
BPR No. 05059

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice has been forwarded by first-class mail, postage pre-paid, to the following:

H. Mark Stichel, Esquire
Gohn, Hankey & Stichel, LLP
210 N. Charles Street, Suite 1540
Baltimore, MD 21202

Price O. Gielen, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD 21202

Paul McDonald, Esquire
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Virgil A. Chambers
603 Cross Road
Winfield, Tennessee 37892

Lisa M. Chambers
135 Pat Place Lane
Jacksboro, Tennessee 37757

Stephen H. Kaufman, Esquire
Levin & Gann, P.A.
502 Washington Avenue
Towson, MD 21204

this ____ day of September, 2003.

_____
JOSEPH B. SPILLMAN
Assistant Attorney General

5