**STATE OF TENNESSEE**

# Office of the Attorney General



**PAUL G. SUMMERS**
ATTORNEY GENERAL AND REPORTER

MAILING ADDRESS

P.O. BOX 20207
NASHVILLE, TN 37202

**ANDY D. BENNETT**
CHIEF DEPUTY ATTORNEY GENERAL

**LUCY HONEY HAYNES**
ASSOCIATE CHIEF DEPUTY
ATTORNEY GENERAL

**MICHAEL E. MOORE**
SOLICITOR GENERAL

CORDELL HULL AND JOHN SEVIER
STATE OFFICE BUILDINGS

TELEPHONE 615-741-3491
FACSIMILE 615-741-2009

January 5, 2004

FILED VIA ECF SYSTEM
The Honorable J. Frederick Motz
District Judge, United States District Court
  for the District of Maryland
United States Courthouse, Room 510
101 West Lombard Street
Baltimore, Maryland 21201

    RE:    *Fidelity and Guaranty Life Insurance Company v. Virgil Chambers, et al.,*
             Civil Action No. JFM-02-CV-3159

Dear Judge Motz:

      I represent the State of Tennessee, Department of Human Services Child Support Office in the above-referenced case. I am writing to report the current status of this case (pursuant to this Court's Order) and to request that the Court grant an additional 45-days to submit a proposed Consent Judgment or to submit a subsequent status report.

      The present case is an interpleader action that Fidelity and Guaranty Life Insurance Company (F&G Life" has filed to ascertain the proper party to whom payments from a structured settlement annuity should be paid. Initially, F&G Life named Singer Asset Finance Company ("Singer"), USF&G and Mr. and Ms. Chambers as interpleader defendants. Mr. and Ms. Chambers have defaulted. Subsequently, F&G Life filed an Amended Complaint and added my client the State of Tennessee, Department of Human Services - Child Support Office ("Child Support Office") as an additional interpleader defendant.

      The Child Support Office and Singer are still engaged in discussions to resolve the matter. Ms. Chambers, who ultimately would receive the disputed portion of the payments, has been involved in settlement discussions. At times, Ms. Chambers, who lives in a rural area, has been difficult to contact. Nevertheless, the Child Support Office and Singer have agreed, in principle, to settle this matter. The details of the proposed settlement agreement and Consent Judgment are still being developed. USF&G makes no claim to the interpleaded funds. However, USF&G continues to have an interest in the non-economic terms (e.g., releases, injunction of further actions, indemnification with respect to actions regarding future payments, etc.) of any settlement and necessarily must be a party to any consent judgment.

I believe that the parties will be in a position within 45 days of this letter to submit a proposed Consent Judgment to resolve all of the issues pending before the Court. However, in the event that these parties are unable to submit a proposed Consent Judgment within the 45-day period, I would propose that the parties submit a status report to the Court on or before February 19, 2004.

Mr. Paul McDonald, who represents Singer, and Mr. H. Mark Stichel, who represents USF&G have been provided a copy of this letter and are in agreement with my request. I have also provided a copy of this letter, through their attorneys, to all other parties who have appeared in this case.

Sincerely,

WARREN A. JASPER
Assistant Attorney General

cc:   Paul McDonald, Esquire
      Price O. Gielen, Esquire
      Stephen H. Kaufman, Esquire
      H. Mark Stichel